UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**COLTON WHITCOMB, AND
MELISSA DZIKOWSKI,**
**On behalf of themselves and all
others similarly situated.**

       Plaintiff,                Case No.

**v.**

                                Hon.

**ETERNAL INK, INC., a/k/a
ETERNAL MANUFACTURING AND DESIGN, AND
TERRY WELKER,**

       Defendants.

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

### PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

### COMPLAINT

Plaintiffs, Colton Whitcomb and Melissa Dzikowski, on behalf of themselves and all others similarly situated, through their attorneys, Gold Star Law, P.C., for their Collective Action Complaint state:

### PRELIMINARY STATEMENT

1.      Plaintiffs, Colton Whitcomb and Melissa Dzikowski ("Plaintiffs"), and the employees they seek to represent, are employees and former employees of Defendants Eternal Ink, Inc., a/k/a Eternal Manufacturing and Design, and Terry Welker, ("Defendants"), who worked as employees for Defendants. Defendants required or permitted Plaintiffs to work in excess of 40 hours per week, but failed to compensate Plaintiffs for all hours worked and/or at a rate of one and one-half times their regular rate of pay for all hours worked over 40 per week.

2.      Plaintiffs and the employees they seek to represent were all compensated on an hourly basis, and were or are non-exempt employees under the Fair Labor Standards Act of 1938 29 USC § 201, *et seq*. ("FLSA").

3.      Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours worked and to be compensated for overtime work at the FLSA mandated overtime wage rate. 29 U.S.C. 207(a).

4.      Defendants did not pay proper wages and overtime to other similarly situated hourly workers. Plaintiffs bring a collective action to recover unpaid wages and overtime compensation owed to them and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the collective action are hereinafter referred to as "Class Members."

## PARTIES, JURISDICTION AND VENUE

5.     Plaintiff Colton Whitcomb ("Whitcomb") is an individual residing in Pinckney, Livingston County, Michigan.  Whitcomb's written consent form to this action is attached hereto as Exhibit "A".  During the relevant period, Whitcomb was an employee of Defendants.

6.     Plaintiff Melissa Dzikowski ("Dzikowski") is an individual residing in Howell, Livingston County, Michigan.  Dzikowski's written consent form to this action is attached hereto as Exhibit "B".  During the relevant period, Dzikowski was an employee of Defendants.

7.     Defendant Eternal Ink, Inc., a/k/a Eternal Manufacturing and Design ("Eternal Ink") is a Michigan corporation which is engaged in the manufacture and distribution of tattoo ink.

8.     Defendant Terry Welker is the Incorporator, Owner, Manager, Officer, Operator and Resident Agent of Defendant Eternal Ink.

9.     Defendants are collectively an enterprise engaged in interstate commerce as defined by the FLSA and have revenues in excess of $500,000 per year.

10.    This action arises under 29 U.S.C. 207, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

11.    Defendants reside and do business within this judicial district, and venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## COVERAGE

12. At all material times, Defendants have been "employers" within the meaning of section 3(d) of the FLSA. 29 U.S.C. 203(d).

13. At all material times, Plaintiffs and Class Members were "employees" within the meaning of section 3(e) of the FLSA. 29 U.S.C 203(e).

14. Defendants controlled the hours to be worked by and the compensation of Plaintiffs and Class Members.

## FACTUAL ALLEGATIONS

15. Defendants are in the business of manufacturing and distributing tattoo ink.

16. Plaintiffs were employed by Defendants during the three years preceding the date of filing of this Complaint (the "relevant employment period").

17. Plaintiffs were paid on an hourly basis.

18. Plaintiffs are not exempt from the wage and overtime pay requirements of the FLSA.

19. Plaintiffs regularly worked over 40 hours per week during the relevant employment period.

20. Defendants failed to pay Plaintiffs for all hours worked and/or one and one half times their regular rates of pay for all hours worked over 40 in a week.

21. Defendants paid Plaintiffs and class members at just their straight time rate for all hours paid whether they worked under or over 40 hours in a week.

4

22. Whitcomb began working for Defendants in approximately 2012, he left his employment with Defendants in May, 2014, and returned back to work for Defendants in late February or early March, 2015.

23. Whitcomb resigned his employment with Defendants on or about July 15, 2017.

24. Whitcomb worked an average of 60-70 hours per week during his employment with Defendants.

25. Dzikowski began working for Defendants on or about January, 2012, and was left her employment with Defendants approximately April, 2017.

26. Dzikowski worked an average of 50 hours per week during her employment with Defendants.

27. Defendants compensated Whitcomb on an hourly basis at $10.50 per hour until April 2016, his pay was raised to $12 an hour at some point during his employment, and he was paid $13 per hour from January 2017 until he left his employ in July, 2017.

28. Defendants compensated Dzikowski on an hourly basis at $10 per hour when she began her employment, and she received periodic raises up to $13.92 per hour by the end of her employment in April, 2017.

29. Plaintiffs were paid for all hours worked on either one or two paychecks per one week pay period.

5

30. The Plaintiffs' paychecks would reflect up to 40 hours of work each week as "regular" time, for which they were compensated at their then-regular rate of pay as reflected on the pay stubs.

31. Plaintiffs' overtime hours were reflected either on their regular pay check or on a separate paycheck as "personal" time, for which they were compensated at their then-regular rate of pay.

32. Plaintiffs were not paid one and one half times their regular rate of pay for their overtime hours worked.

33. Whitcomb is owed at least $22,176 for overtime hours worked for Defendants for which he was not paid one and one half times his regular rate of pay.

34. Dzikowski is owed at least $8,130 for overtime hours worked for Defendants for which she was not paid one and one half times her regular rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs have actual knowledge that Class Members have also not been properly compensated and have been denied overtime pay for hours worked over 40 hours per workweek. That is, Plaintiffs worked with other employees of Defendants who were not paid one and one half times their regular rates of pay for all hours worked over 40 in a week.

36. Other employees similarly situated to Plaintiffs work or have worked for Defendants, but were not paid for all hours worked and at the rate of one and one-half times their regular rate when those hours exceeded 40 hours per workweek.

37. Although Defendants permitted or required Class Members to work certain hours and in excess of 40 hours per workweek, Defendants have denied them full compensation for their hours worked and proper overtime compensation for hours worked over 40 in a week.

38. Class Members perform or have performed the same or similar work as Plaintiffs.

39. Class Members regularly work or have hours in excess of 40 hours during a workweek.

40. Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA.

41. As such, Class Members are similar to Plaintiffs in terms of job duties, pay structure, and the denial of wages and overtime wage.

42. Defendant's failure to properly pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

43. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

44.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

45.     All Class Members, irrespective of their particular job requirements, are entitled to be paid wages for all hours worked and overtime compensation for hours worked in excess of 40 during a workweek.

46.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members. Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following class:

> **All persons currently and formerly employed by Defendants and compensated on an hourly, non-salary basis by Defendants who worked for at least one week in excess of 40 hours but were not properly paid overtime for hours worked over 40 in a week during the period from three years prior to the filing of this complaint to the present.**

## CAUSE OF ACTION
## VIOLATION OF 29 U.S.C. 207

47.     Plaintiffs and Class Members incorporate the allegations in the foregoing paragraphs as if fully stated herein.

48. Defendants' practice of failing to pay Plaintiffs and Class Members at the time-and-a-half rate for hours in excess of 40 per workweek violates the FLSA. 29 U.S.C. 207.

49. None of the exemptions provided by the FLSA regulating the duty of employers to pay proper wages and overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs and Class Members.

50. Plaintiffs and Class Members are entitled to recover their unpaid wages and overtime compensation.

51. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid wages and overtime compensation as liquidated damages. 29 U.S.C. § 216(b).

52. Plaintiffs and Class Members are entitled to recover attorney fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court enter judgment awarding the following relief:

   a. Unpaid overtime compensation for all hours worked during the relevant period at the applicable rate;

   b. An amount equal to unpaid overtime compensation as liquidated damages;

   c. Reasonable attorney fees, costs and expenses of the action;

   d. An order requiring Defendants to correct its pay practices going forward; and

   e. Such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

   */s/ Maia E. Johnson*
**Maia Johnson Braun (P40533)**
**David A. Hardesty (P38609)**
Attorneys for Plaintiffs
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200

Dated: October 11, 2017

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF TO THE ETERNAL INK LAWSUIT

First Name: Colton

Last Name: Whitcomb

1. I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3. I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5. In the vent the case is certified and then decertifies, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) Colton Whitcomb          (Date) 10·11·17

# EXHIBIT B

## CONSENT TO BECOME A PARTY PLAINTIFF TO THE ETERNAL INK LAWSUIT

First Name: Melissa

Last Name: Dzikoski

1.  I consent and agree to pursue my claims for unpaid overtime and/or wages through the lawsuit filed against my employer.

2.  I understand that this lawsuit is brought under the Fair Labor Standards Act and/or state labor and employment laws. I hereby consent, agree and opt-in to become a plaintiff herein and be bound by any judgment by the Court or any settlement of this action.

3.  I designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4.  I understand that the class representatives have entered into an agreement with the plaintiffs' counsel which provides that plaintiffs' counsel will be compensated on a contingency fee basis, and provides that counsel will receive no fees unless a recovery is made on the lawsuit.

5.  In the vent the case is certified and then decertifies, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) Melissa Dzikoski      (Date) 9/14/17